KMART MICHIGAN PROPERTY SERVICES, LLC v
DEPARTMENT OF TREASURY

Docket No. 282058. Submitted April 7, 2009, at Lansing. Decided May 12,
2009, at 9:05 a.m.

Kmart Michigan Property Services, LLC (KMPS), a limited liability
company whose only member was Kmart Corporation, filed a
single business tax return for a fiscal year ending January 28,
1998. The Department of Treasury, after conducting an audit,
denied the claimed refund after determining that KMPS should
not have filed a separate single business tax return and should
have submitted its income, deductions, credits, assets, and liabili-
ties with those of Kmart Corporation. KMPS appealed to the Tax
Tribunal, which granted summary disposition for KMPS, conclud-
ing that KMPS was entitled to file a separate single business tax
return. The department appealed.

The Court of Appeals *held*:

1. Under the Single Business Tax Act (SBTA), MCL 208.1 *et
seq.*, repealed by 2006 PA 325, every person with business activity
was required to pay the single business tax. MCL 208.31(1). The
SBTA defined "person" as an individual, firm, bank, financial
institution, limited partnership, copartnership, joint venture, as-
sociation, corporation, receiver, estate, trust, or any other group or
combination acting as a unit. MCL 208.6. The Tax Tribunal
correctly concluded that "any other group or combination acting
as a unit" included limited liability companies.

2. Revenue   Administrative   Bulletin   1999-9   of   the
department—which provided that a single-member entity that,
like KMPS, elected to be a disregarded entity for federal income
tax purposes (26 CFR 301.7701-2) had to have the same filing
status for single business tax purposes and its income, deduc-
tions, credits, assets, and liabilities were deemed to be those of
its owner—was an explanatory guideline that was not a rule
that had the force of law. MCL 24.207(h). The plain language of
MCL 208.6 of the SBTA did not support RAB 1999-9.

Affirmed.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Samuel J. McKim, III, Joanne B. Faycurry,* and *Loren M. Opper*), for the petitioner.

*Michael A. Cox,* Attorney General, *B. Eric Restuccia,* Solicitor General, and *Bruce C. Johnson,* Assistant Attorney General, for the respondent.

Before: BANDSTRA, P.J., and WHITBECK and SHAPIRO, JJ.

PER CURIAM. Respondent, Department of Treasury (the Department), appeals as of right the order of the Michigan Tax Tribunal granting petitioner Kmart Michigan Property Services, LLC (KMPS), summary disposition. We affirm.

### I. SUMMARY OF FACTS AND PROCEEDINGS

KMPS was a limited liability company (LLC) formed in Michigan and wholly owned by its single member, Kmart Corporation (Kmart). During the period at issue, KMPS had three employees and was responsible for winding up the business affairs of Builders Square, its former subsidiary, whose assets were sold to a third party. KMPS filed a single business tax (SBT) return for a fiscal year ending January 28, 1998. At some point, the Department audited KMPS for that fiscal year in connection with an audit of Kmart and determined that KMPS should not have filed a separate SBT return, but should have submitted its income, deductions, credits, assets, and liabilities with those of Kmart, its parent corporation, for the tax year at issue. The Department determined that it would not accept KMPS's SBT return for the period at issue and would "disregard the entity and treat it as a division of its owner."

On March 2, 2005, an informal conference was held at which a referee heard arguments from both parties. The referee determined that KMPS was not entitled to a refund for the tax year at issue, which would have been the result if the Department had permitted KMPS to file a separate SBT return. KMPS filed an appeal to the tribunal on August 3, 2005, and later filed a motion for summary disposition.

In its summary disposition motion, KMPS argued that it met the definition of a "person" under MCL 208.6(1) of the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*,[1] qualifying it to file a separate SBT return for the period at issue. KMPS further argued that the Department improperly applied retroactively the guidance of its Revenue Administrative Bulletin (RAB) 1999-9, and further that RAB 1999-9 lacked statutory authority and conflicted with the statute, rendering it invalid. The Department argued before the tribunal that KMPS was not a person under the SBTA, but rather a single-member LLC. In addition, the Department argued that because KMPS elected to be a non-entity for federal tax purposes for tax year 1998, it could not choose to be an entity for purposes of its state SBT filing.

The tribunal concluded that although it was logical for the Department to reason that taxpayers should be categorized under the SBTA according to the entity classification they elected for federal tax purposes, "[t]his rationale . . . is not the same as a legal requirement." The tribunal stated that revenue administrative bulletins deserve due deference from the courts, but are not binding legal authority, particularly if they contravene the applicable statute. The tribunal stated further that KMPS's federal tax sta-

---

[1] Repealed by 2006 PA 325.

tus was not determinative of whether it satisfied the definition of "person" under the SBTA, because the SBTA filing requirements are independent of the federal tax code and existed "long before the federal 'check-the-box' regulations" permitting a taxpayer to choose its entity status. Thus, the tribunal found that KMPS was entitled to file a separate SBT return for the tax year at issue.

## II. STANDARD OF REVIEW

We have limited review of Tax Tribunal decisions. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). Where the facts are not disputed and there is no allegation of fraud, our review is limited to whether the tribunal made an error of law or adopted a wrong principle. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201-202; 713 NW2d 734 (2006). However, because the decision involves issues of statutory interpretation and application, our review is de novo. *Id.* at 202.

In statutory interpretation, our primary goal is to determine and give effect to the intent of the Legislature. *Mt Pleasant, supra* at 53. We begin by reviewing the language of the statute. *Id.* "If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible." *Id.* "[A] provision of the law is ambiguous only if it 'irreconcilably conflicts' with another provision or when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004) (citation omitted; emphasis in original). Words and phrases are not read "discretely," but rather within the context of the whole act. *Id.* at 167-168.

Additionally, " 'the construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.' " *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 103; 754 NW2d 259 (2008), quoting and adopting the standard stated in *Boyer-Campbell v Fry*, 271 Mich 282, 296; 260 NW 165 (1935). Because the Department has legal responsibility to collect taxes and is responsible for "[s]pecialized service for tax enforcement, through establishment and maintenance of uniformity in definition, regulation, return and payment," MCL 205.1, we accord respectful consideration to its position. However, "the agency's interpretation is not binding on the courts, and it cannot conflict with the Legislature's intent as expressed in the language of the statute at issue." *In re Complaint of Rovas*, *supra* at 103.

### III. ANALYSIS

The Department argued before the Tax Tribunal that KMPS was not a "person" but a single-member LLC, such that the SBTA required KMPS to file its SBT return as a disregarded entity. As a "disregarded entity," a single-member LLC is not taxed separately, but has its income attributed to its owner and the owner is then responsible for paying all taxes due. Thus, the Department argued, KMPS should have been included in Kmart's SBT return rather than filing its own.

Under the SBTA, "every person with business activity in the state" was required to pay the SBT. MCL 208.31(1). "Person" was defined as "an individual, firm, bank, financial institution, limited partnership, copartnership, partnership, joint venture, association, corporation, receiver, estate, trust, or any other group or combination acting as a unit." MCL 208.6. As the

tribunal noted in its opinion, "[a] plain reading of the phrase 'or any other group or combination acting as a unit' should be construed to cover the same kind, class, character or nature as those entities specifically enumerated," such that "[t]he concluding phrase . . . encompasses business entities that are not enumerated or lack precise legal identification." Under this interpretation, the tribunal concluded, an LLC, though not identified in the SBTA, fits within the statutory definition of "person" whether it has one or more members. The Department conceded that a "person" with business activity in Michigan is subject to pay the SBT, but argues that KMPS's election for federal tax purposes overrides its legal status in Michigan for state tax purposes.

Federal treasury regulations 26 CFR 301.7701-1 through 301.7701-3 set forth the classification of organizations for federal tax purposes. 26 CFR 301.7701-1(a)(4) states that "[u]nder §§ 301.7701-2 and 301.7701-3, certain organizations that have a single owner can choose to be recognized or disregarded as entities separate from their owners." 26 CFR 301.7701-3(a) provides in relevant part:

> A business entity that is not classified as a corporation under § 301.7701-2(b)(1), (3), (4), (5), (6), (7), or (8) (an eligible entity) can elect its classification for federal tax purposes as provided in this section. An eligible entity . . . with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for an eligible entity that does not make an election.

The default classification under 26 CFR 301.7701-3(b)(ii) provides that "unless the entity elects otherwise," a domestic eligible entity shall be "[d]isregarded as an entity separate from its owner if it has a single owner." The federal regulations make no special provision for domestic

entities that are LLCs or whose members are LLCs. Accordingly, under federal tax law, KMPS could elect to be taxed as an entity separate from Kmart or to be a disregarded entity. The parties agree that for the tax year 1998, KMPS elected to be a disregarded entity for federal tax purposes.

The Department argues that Michigan's SBT utilizes the same "check-the-box" regulations that the federal income tax rules use, relying on Revenue Administrative Bulletin (RAB) 1999-9, which provides, in part:

> Michigan conforms to federal check-the-box regulations [26 CFR 301.7701-1 through 301.7701-3] for SBT purposes. The entity election or default classification for filing the federal income tax return is effective for all components of the SBT return that are related to federal income tax. . . . A taxpayer who elects entity classification at the federal level shall file the Michigan SBT return on the same basis and reflect the same tax consequences.

*   *   *

> In the case of a disregarded entity, the single member files the return and indicates its legal organization. The member filing the return should attach a statement to the return listing the single member entity(s) included in the return. [RAB 1999-9, ¶ I, p 2.]

RAB 1999-9 also notes the following:

> Under [26 CFR] 301.7701-2, if a single member entity is disregarded for federal income tax purposes, its activities are included as a part of the owner's activities in the respective sole proprietorship, branch, or division of the owner. Therefore, income, deductions, credits, assets and liabilities of a single member entity having nexus with Michigan, who elects to be disregarded as an entity for federal income tax purposes, are deemed to be those of the owner. [RAB 1999-9, ¶ IV, p 3.]

Thus, under the guidelines outlined in RAB 1999-9, KMPS was required to use the same entity status it had chosen for federal tax purposes with respect to its SBT filing. If KMPS had followed the guidance of RAB 1999-9, it would not have filed a separate SBT return but would have accounted for its "income, deductions, credits, assets and liabilities" in its owner's SBT filing, i.e., as a disregarded entity. See RAB 1999-9, ¶ IV, p 3.

However, as the tribunal noted in its opinion and the Department conceded at oral argument, the Department's policies as described in RAB 1999-9 do not have the force of a legal requirement. MCL 205.3(f) provides that the Department "may periodically issue bulletins that index and explain current department interpretations of current state tax laws." Significantly, the statute makes a separate provision for *rules* issued by the Department: "After reasonable notice and public hearing, the department may promulgate rules consistent with this act in accordance with the administrative procedures act . . . , MCL 24.201 to 24.328, necessary to the enforcement of the provisions of tax and other revenue measures that are administered by the department." MCL 205.3(b). Under MCL 24.207(h), explanatory guidelines are distinguished from rules that have the force of law: rules do not include "[a] form with instructions, an interpretive statement, a guideline, an informational pamphlet, or other material that in itself does not have the force and effect of law but is merely explanatory." The Department indicated to this Court that bulletins are considered "interpretative statements." Accordingly, we agree with the tribunal that KMPS was not legally required to follow RAB 1999-9.

We note that even though RAB 1999-9 is not legally binding, it reflects the Department's interpretation of a statute it is charged with enforcing, entitling it to

respectful consideration. *In re Complaint of Rovas, supra* at 103. However, we conclude that the Department's legal rationale is inconsistent with the plain language of the SBTA.

Neither the SBTA nor the federal regulations require an entity to be consistent in its self-classification with respect to its state and federal tax filings for a given year. Indeed, the federal regulations expressly state that entity classification under the Internal Revenue Code "is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law." 26 CFR 301.7701-1(a)(1). In response, the Department argues that the Legislature "adopt[ed] federal categories consistently" in the SBTA, "indicated in the statute by its adoption . . . of terminology from the Internal Revenue Code."

MCL 208.2(2) provides that any "term used in this act and not defined differently shall have the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes in effect for the tax year unless a different meaning is clearly required." However, nothing in this subsection indicates that entity classification elections in the federal tax code must be carried over to an entity's SBT filing. Rather, it simply provides that terms defined in the federal regulations have the same meaning when used in the SBTA. There is no specific term at issue in this case and, therefore, no definition to find in the federal regulations. Consequently, the SBTA's provisions regarding who must pay the SBT stand alone.

Looking simply at the provisions of the SBTA, KMPS was required to file an SBT return, regardless of its classification as a disregarded entity for federal tax purposes, because KMPS fit within the statutory defi-

nition of a "person" conducting business activity and the SBTA required all persons conducting business activity in the state to file an SBT return. Therefore, the SBTA does not support the requirement of RAB 1999-9 that an organization that is a disregarded entity for federal tax purposes for a given taxable period must also file as a disregarded entity for state tax purposes. Accordingly, we conclude that the tribunal made no error of law. *Wexford Med Group, supra.*

Affirmed.