ALLIANCE OBSTETRICS & GYNECOLOGY, PLC v
DEPARTMENT OF TREASURY

Docket No. 280125. Submitted January 14, 2009, at Lansing. Decided
August 4, 2009, at 9:00 a.m.

Alliance Obstetrics & Gynecology, PLC, an association and a limited
liability company, brought an action in the Court of Claims against
the Department of Treasury after the defendant disallowed a small
business tax credit claimed on the plaintiff's single business tax
return. The defendant had treated the plaintiff as a corporation
because the plaintiff was an association that is considered a
corporation for federal income tax purposes, and the defendant
had disallowed the claimed credit because its corporate officers'
compensation had exceeded the limits imposed by MCL
208.36(2)(b)($i$) for qualifying for the small business tax credit. The
court, James R. Giddings, J., granted summary disposition for the
plaintiff, rejecting the defendant's treatment of the plaintiff as a
corporation. The defendant appealed.

The Court of Appeals *held*:

Neither the now-repealed Single Business Tax Act, MCL 208.1
*et seq.*, nor federal regulations required an entity to be consistent
in its self-classifications with respect to its state and federal tax
filings for a given year. Furthermore, the plaintiff is a limited
liability company, and limited liability companies are not corpora-
tions under Michigan law. A business entity that is not a corpora-
tion or a partnership should not be required to elect a classification
that is inconsistent with its organization under state law.

Affirmed.

*Honigman Miller Schwartz and Cohn LLP* (by
*Patrick R. Van Tiflin* and *Angela M. Brown*) for the
plaintiff.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, and *Bruce C. Johnson*, Assistant Attor-
ney General, for the defendant.

Before: OWENS, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. In this statutory interpretation case, defendant appeals as of right an order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

At all times relevant to the issue in this case, plaintiff, Alliance Obstetrics & Gynecology, PLC, was a limited liability company (LLC) with its principal office located in Lansing. During the relevant tax year, plaintiff filed a Michigan single business tax (SBT) return and claimed a small business credit under MCL 208.36. According to plaintiff, it was entitled to a refund in the amount of $27,898. Defendant disagreed. For the purposes of calculating the small business credit under the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*,[1] defendant interpreted MCL 208.2(2) and MCL 208.36 as adopting the federal "check-the-box" system. This means that business entities that elect treatment as a corporation for federal income tax purposes are also treated as a corporation for the calculation of the small business tax credit. Therefore, plaintiff's election to be treated as a corporation for federal income tax purposes was a binding classification for purposes of the SBTA. Pursuant to MCL 208.36(2)(b)(*i*), a corporation whose officers earned more than $115,000 during the taxable year was not entitled to a small business tax credit. Accordingly, on the basis of defendant's calculations, plaintiff was not entitled to a credit, but subject to additional tax liability. After a series of administrative appeals, the Court of Claims granted plaintiff's motion for summary disposition, rejecting defendant's interpretation of the statutes.

---

[1] The SBTA was repealed by 2006 PA 325 for tax years that begin after December 31, 2007.

This Court reviews questions of statutory interpretation de novo. *Halloran v Bhan*, 470 Mich 572, 576; 683 NW2d 129 (2004). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). The first step in determining the intent of the Legislature is to look at the language of the statute. *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005). The Legislature is presumed to have intended the meaning it plainly expressed, *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), and clear statutory language must be enforced as written, *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007). "Where a tax statute is the object of judicial construction, 'ambiguities in the language . . . are to be resolved in favor of the taxpayer.' " *IBM v Dep't of Treasury*, 220 Mich App 83, 86; 558 NW2d 456 (1996), quoting *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 477; 518 NW2d 808 (1994). However, tax statutes that grant tax credits or exemptions are to be narrowly construed in favor of the taxing authority because such statutes reduce the amount of tax imposed. *Auto-Owners Ins Co v Dep't of Treasury*, 226 Mich App 618, 621; 575 NW2d 770 (1997).

MCL 208.36 stated in relevant part:

> (2) The credit provided in this section shall be taken before any other credit under this act, and is available to any person whose gross receipts do not exceed . . . $10,000,000.00 for tax years commencing after 1991, and whose adjusted business income minus the loss adjustment

does not exceed $475,000.00 for tax years commencing on or after January 1, 1985, subject to the following:

\* \* \*

(b) A corporation other than a subchapter S corporation is disqualified if either of the following occur for the taxable year:

(*i*) Compensation and director's fees of a shareholder or officer . . . exceed $115,000.00 for tax years commencing after December 31, 1997.

"Corporation" was not explicitly defined in the SBTA. Defendant argues that, pursuant to MCL 208.2(2), the Legislature adopted by reference the federal Internal Revenue Code definition of "corporation." We disagree.

Federal tax law does not allow for the classification as an LLC. 26 CFR 301.7701-2(a). Under federal tax law, businesses are treated either as corporations or partnerships. *Id.* "Corporation" is defined in 26 CFR 301.7701-2(b), in relevant part, as "an association (as determined under § 301.7701-3)." 26 CFR 301.7701-2(b)(2). 26 CFR 301.7701-3 states, in relevant part:

(a) In general. A business entity that is not classified as a corporation under § 301.7701-2(b)(1), (3), (4), (5), (6), (7), or (8) (an eligible entity) can elect its classification for federal tax purposes as provided in this section. An eligible entity with at least two members can elect to be classified as either an association (and thus a corporation under § 301.7701-2(b)(2)) or a partnership, and an eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for an eligible entity that does not make an election.

In *Kmart Michigan Prop Services, LLC v Dep't of Treasury*, 283 Mich App 647; 770 NW2d 915 (2009),

Kmart Michigan Property Services (KMPS) was a wholly owned subsidiary of Kmart Corporation (Kmart) formed as an LLC in Michigan. In KMPS's federal filing, it elected to be classified as a disregarded entity; therefore, the Department of Treasury argued that KMPS was not entitled to file a separate SBT return but should be included with Kmart's SBT return. This Court disagreed, holding that "[n]either the SBTA nor the federal regulations require an entity to be consistent in its self-classifications with respect to its state and federal tax filings for a given year." *Id.* at 655. Further, this Court held "nothing in this subsection [MCL 208.2(2)] indicates that entity classification elections in the federal tax code must be carried over to an entity's SBT filing." *Id.*

In the present case, instead of electing to be classified as a disregarded entity, plaintiff elected to be classified as an association. Under federal tax law, an association is a corporation. Thus, plaintiff is classified as a corporation for federal income tax purposes. However, as this Court held in *Kmart Michigan Prop Services, LLC*, how an entity elects to be classified under the federal "check-the-box" system does not determine how it will be classified for SBT purposes. *Id.* Further, plaintiff is an LLC, and LLCs are not corporations under Michigan law. Business entities such as plaintiff that are neither a corporation nor a partnership should not be required to elect a classification inconsistent with their organization under state law. Therefore, plaintiff is not to be treated as a corporation for the purposes of calculating the small business tax credit and the income limitations under MCL 208.36(2) do not disqualify plaintiff from claiming the credit. Thus, plaintiff is entitled to receive the credit.

Affirmed.