LEAR CORPORATION v DEPARTMENT OF TREASURY

Docket No. 309445. Submitted January 16, 2013, at Lansing. Decided February 21, 2013, at 9:00 a.m. Leave to appeal sought.

Lear Corporation brought an action in the Court of Claims against the Department of Treasury after its request for a tax refund was denied. Plaintiff had incurred $205,000,000 of deductible expenditures for research and experimentation (R&E), which it elected to amortize over a period of 10 years pursuant to 26 USC 59(e). Plaintiff had initially used identical calculations to prepare its state and federal tax returns for the years at issue, but after the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, was repealed effective December 31, 2007, plaintiff sought to amend its single business tax returns to deduct the entire $205,000,000 in the year the expenditures were incurred. The Court of Claims, Rosemarie E. Aquilina, J., granted plaintiff's motion for summary disposition under MCR 2.116(C)(10) and ordered defendant to refund plaintiff $1,585,041 plus statutory interest. Defendant appealed.

The Court of Appeals *held*:

1. The trial court erred by granting plaintiff's motion for summary disposition, because the SBTA required plaintiff to determine its tax base using the amortized amount it reported on its federal taxes for each year at issue. Although the SBTA was silent with regard to whether a C corporation was required to report its R&E expenditures in the same manner as it did on its federal returns, the SBTA clearly and unambiguously defined "tax base" as "business income" and "business income" as "federal taxable income." Accordingly, plaintiff's SBT tax base was required to reflect its federal taxable income, including its election to amortize its R&E expenditures under 26 USC 59(e).

2. Plaintiff failed to show that defendant violated its constitutional right to equal protection and uniform taxation because, given that the isolated cases plaintiff identified involved different circumstances and decisions made by different entities, plaintiff failed to carry its burden of establishing that defendant failed to treat similarly situated enterprises equally and that its failure to do so was intentional and knowing rather than mistaken or the result of inadvertence.

Reversed and remanded for entry of an order denying plaintiff's motion for summary disposition.

1. TAXATION — STATUTES — SINGLE BUSINESS TAX ACT — TAX BASE — AMORTIZATION OF EXPENDITURES UNDER FEDERAL TAX CODE.

Under the Single Business Tax Act, MCL 208.1 *et seq.*, repealed effective December 31, 2007, a C corporation's tax base for each year was required to reflect its federal taxable income, including its election to amortize its expenditures for research and experimentation under 26 USC 59(e).

2. TAXATION — CONSTITUTIONAL LAW — EQUAL PROTECTION — UNIFORM TAXATION.

To establish that the Department of Treasury violated the constitutional right to equal protection and uniform taxation, a plaintiff must show that defendant failed to treat similarly situated enterprises equally and that its failure to do so was intentional and knowing rather than mistaken or the result of inadvertence (US Const, Am XIV; Const 1963, art 9, § 3).

*Honigman Miller Schwartz and Cohn LLP* (by *Alan M. Valade* and *June Summers Haas*) for plaintiff.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Kevin T. Smith*, Assistant Attorney General, for defendant.

Before: SAWYER, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals by right a Court of Claims order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) and closing the case pursuant to MCR 2.602(A)(3) in this tax dispute involving the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, repealed by 2006 PA 325 effective December 31, 2007. We reverse and remand.

Plaintiff is a Delaware manufacturing corporation with its principal office located in Southfield, Michigan. Plaintiff manufactures and sells systems for automotive

seating, interiors, and electrical power management. As a result, plaintiff incurs research and experimental (R&E) expenditures related to that business.

Plaintiff incurred $205,000,000 of deductible R&E expenditures, which it elected to amortize over a period of 10 years pursuant to § 59(e) of the Internal Revenue Code, 26 USC 59(e). In other words, plaintiff deducted only a portion of the total amount in the years at issue in this case. Because Michigan's SBTA did not have a provision equivalent to § 59(e), plaintiff used identical calculations to prepare its single business tax (SBT) and its federal tax returns for the years at issue. Plaintiff continued to use a ratable deduction for its federal tax returns. But after the SBTA was repealed, plaintiff sought to go back and amend its SBT returns, deducting the entire $205,000,000 in the year in which the R&E expenditures were incurred.

On only two prior occasions had defendant dealt with corporations that reported discrepant income between their SBT returns and federal returns. Defendant's first encounter was with General Motors Corporation (GM). After GM, defendant adopted an internal policy that prohibited a taxpayer from calculating its business income by taking an immediate deduction of R&E for the tax year if that taxpayer had also made a § 59(e) election for federal tax purposes. The second occasion involved Delphi Corporation (Delphi). In that case, a federal bankruptcy court independently allowed Delphi to treat its SBT returns differently from its federal returns.

Plaintiff sought, through its amended SBT returns, a refund, which defendant denied. Plaintiff subsequently filed a motion for summary disposition under MCR 2.116(C)(10), which was granted by the Court of Claims. A final order was issued by the Court of Claims

directing defendant to refund plaintiff $1,585,041 plus statutory interest. This appeal followed.

For the first time, a Michigan court is being asked to consider whether a C corporation can elect to amortize R&E expenditures over 10 years under § 59(e), while at the same time deducting the entire amount for the year in which it was incurred for purposes of the SBT. Defendant's argument on appeal is twofold. First, defendant maintains that plaintiff must report the same taxable income for both its SBT returns and its federal returns. Because plaintiff's SBT returns and federal returns do not match, plaintiff is not entitled to a refund for the R&E expenditures it incurred. Second, defendant maintains that disparate federal and SBT returns due to a § 59(e) election have occurred in only two prior cases. Those cases were isolated and involved circumstances not analogous to plaintiff's circumstances here. Therefore, defendant argues, it did not violate plaintiff's constitutional rights when it denied plaintiff's refund.

This Court reviews de novo decisions regarding summary disposition and issues of statutory interpretation. *Midwest Bus Corp v Dep't of Treasury*, 288 Mich App 334, 337; 793 NW2d 246 (2010), citing *Herald Wholesale, Inc v Dep't of Treasury*, 262 Mich App 688, 693; 687 NW2d 172 (2004). Under MCR 2.116(C)(10), a motion for summary disposition tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The moving party has the initial burden of specifying which factual issues are undisputed and to support those specifications by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3)(b); *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). The nonmoving party then has the burden of showing, by offering evidentiary proof, that a genuine issue of

material fact exists. MCR 2.116(G)(4); *Coblentz*, 475 Mich at 569. The moving party is entitled to judgment as a matter of law under MCR 2.116(C)(10) if the nonmoving party fails to establish that a genuine issue of material fact exists. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when, viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on an issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Issues of statutory interpretation are questions of law that this Court reviews de novo. *Sturrus v Dep't of Treasury*, 292 Mich App 639, 646; 809 NW2d 208 (2011). In the absence of ambiguities, "judicial construction is neither necessary nor permitted." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005). When ambiguities exist, tax laws are generally construed in favor of the taxpayer. *Int'l Business Machines v Dep't of Treasury*, 220 Mich App 83, 86; 558 NW2d 456 (1996).

The SBTA contained no ambiguities regarding whether a C corporation was required to report its R&E expenditures in the same manner as they were on its federal returns. Rather, it was silent on this issue. The SBTA unambiguously stated that "[tax base] means business income" and "[business income] means federal taxable income." MCL 208.9(1); MCL 208.3(3). Because the SBTA used clear and unambiguous language, plaintiff's tax base must reflect its federal taxable income, including its election to amortize its R&E expenditures under § 59(e). Therefore, plaintiff should have used the amortized amount as a starting point to determine its SBT tax base for each year in issue.

Plaintiff erroneously relies on three cases from this Court to argue that it is acceptable for its amended SBT

returns to differ from its federal returns. In *Sturrus*, 292 Mich App at 650, this Court held that the SBTA required a plaintiff to use its federal taxable income as a starting point to determine its tax base for its SBT returns. This Court did not hold that a plaintiff could completely disregard its federal tax returns in calculating its tax base. Moreover, as plaintiff is undisputedly a C corporation, any discussion regarding the characterization of different tax entities as it relates to this issue is not applicable here. See *Kmart Mich Prop Servs, LLC v Dep't of Treasury*, 283 Mich App 647; 770 NW2d 915 (2009); *Alliance Obstetrics & Gynecology, PLC v Dep't of Treasury*, 285 Mich App 284; 776 NW2d 160 (2009).

In response to plaintiff's argument that it suffered disparate treatment as compared to GM and Delphi, defendant maintains that its denial of plaintiff's refund was not a violation of plaintiff's constitutional rights because GM and Delphi were isolated cases, involving different circumstances than in the case at bar.

To comply with the Equal Protection Clause of the United States Constitution, US Const, Am XIV, and the Uniformity of Taxation Clause of the Michigan Constitution, Const 1963, art 9, § 3, defendant is required to exercise "equal treatment of similarly situated taxpayers." *Armco Steel Corp v Dep't of Treasury*, 419 Mich 582, 592; 358 NW2d 839 (1984). But plaintiff has the burden of establishing that defendant failed to treat similarly situated enterprises equally and "that its failure to do so was intentional and knowing, rather than mistaken or the result of inadvertence." *MCI Telecom Corp v Dep't of Treasury*, 136 Mich App 28, 36-37; 355 NW2d 627 (1984). Defendant, on the other hand, is only required to show a rational basis for its decision. *Armco*, 419 Mich at 592. Moreover, defendant's showing of a rational basis does not mean that

every mathematical inequity between taxpayers will be rendered invalid. *St Louis v Mich Underground Storage Tank Fin Assurance Policy Bd*, 215 Mich App 69, 73; 544 NW2d 705 (1996).

Plaintiff fails to show that defendant's disparate treatment of GM and Delphi was intentional and knowing. In Delphi's case, specifically, the decision to allow disparate treatment was made by the bankruptcy court, not by defendant. See *In re Delphi Corp*, Case No. 05-44481, 2008 WL 3486615 (Bankr SD NY, 2008), mod 2008 WL 5155561 and 5146952. Furthermore, defendant's internal policy indicates that if the decision in *Delphi* had been defendant's decision to make, defendant would have treated Delphi in the same manner it now wishes to treat plaintiff. In the case of GM, the decision to allow disparate treatment was made decades ago by administrators who are no longer working for defendant. Furthermore, the record lacks any evidence showing that defendant knowingly and intentionally treated plaintiff less favorably than GM. More importantly, defendant misinterpreted the statute when it allowed the disparate treatment of GM's returns. Plaintiff is not entitled to the continuation of that misinterpretation. *Syntex Laboratories v Dep't of Treasury*, 233 Mich App 286, 293; 590 NW2d 612 (1998).

In short, plaintiff made the choice to amortize its R&E expenditures on both its federal returns and its SBT returns. When it did this, plaintiff was not guaranteed that it would realize its full deduction under the SBTA. The SBTA required plaintiff to use its federal taxable income as a starting point to determine its tax base for its SBT returns. While the SBTA may have authorized or required adjustments to be made, the only adjustments that can be made are those that were authorized or required by the SBTA. Because the SBTA

did not authorize the specific adjustments sought by plaintiff, plaintiff is not entitled to make that adjustment.

We conclude that plaintiff has failed to establish that no genuine issue of material fact exists as to (1) the proper treatment of its R&E expenditures for purposes of the SBT and (2) the alleged disparate treatment by defendant in violation of plaintiff's constitutional rights.

Reversed and remanded for entry of an order denying plaintiff's motion for summary disposition. We do not retain jurisdiction. Defendant may tax costs.

SAWYER, P.J., and MARKEY and M. J. KELLY, JJ., concurred.