*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHAMAR AVERY,

Plaintiff-Appellant,

v

STATE OF MICHIGAN,

Defendant-Appellee.

FOR PUBLICATION
March 2, 2023

No. 359535
Court of Claims
LC No. 17-000245-MZ

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

JANSEN, P.J. (*dissenting*)

For the reasons that follow, I respectfully dissent. I would vacate the Court of Claims verdict of no cause of action of plaintiff's claim under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, and remand for further proceedings.

"Issues of statutory interpretation are questions of law that this Court reviews de novo." *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 537; 831 NW2d 255 (2013). Specifically, the compensation provisions of WICA are reviewed de novo. *Ricks v State*, 507 Mich 387, 396; 968 NW2d 428 (2021). "The primary goal of statutory interpretation is to give effect to the Legislature's intent. To do that, we read a statute's provisions reasonably and in context." *Id.* at 397 (quotation marks and citations omitted). The language of the statute offers the most reliable evidence of the Legislature's intent. *Id.* "In the absence of ambiguities, judicial construction is neither necessary nor permitted." *Lear Corp*, 299 Mich App at 537 (quotation marks and citation omitted).

Plaintiff was convicted of second-degree murder in 2000, and sentenced to 20 to 50 years' imprisonment. Plaintiff appealed, and this Court remanded for a *Ginther*[1] hearing,[2] wherein the

_____

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Avery*, unpublished order of the Court of Appeals, entered May 30, 2001 (Docket No. 229324).

trial court held that plaintiff was provided effective assistance of counsel. Subsequently, this Court affirmed plaintiff's conviction and sentence,[3] and the Michigan Supreme Court denied leave to appeal.[4] In 2004, plaintiff petitioned the United States District Court for the Western District of Michigan for a writ of habeas corpus, and the federal court granted plaintiff's petition on the basis of ineffective assistance of counsel. The writ of habeas corpus instructed the state to release plaintiff from custody and afford him a new trial. Plaintiff was released, but never retried. In 2017, plaintiff filed his complaint in the Court of Claims seeking compensation under WICA. As explained in the majority opinion, the Court of Claims held a bench trial, did not find plaintiff eligible for compensation, entered a verdict of no cause of action, and dismissed plaintiff's case.

The WICA was enacted to compensate individuals wrongfully imprisoned for crimes. *Ricks*, 507 Mich at 395. "It waives sovereign immunity and allows a person who was wrongfully convicted and imprisoned to seek compensation by bringing an action against the State in the Court of Claims." *Id.*, citing MCL 691.1753. The WICA has two steps: (1) to determine whether a claimant is eligible for compensation, MCL 691.1755(1); and (2) to calculate the precise amount to award the eligible claimant, MCL 691.1755(2). *Id.*

MCL 691.1755 provides, in relevant part:

> (1) In an action under this act, the plaintiff is entitled to judgment in the plaintiff's favor if the plaintiff proves all of the following by clear and convincing evidence:
>
> * * *
>
> (c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial.

The WICA defines "new evidence" as:

> any evidence that was not presented in the proceedings leading to plaintiff's conviction, including new testimony, expert interpretation, the results of DNA testing, or other test results relating to evidence that was presented in the proceedings leading to plaintiff's conviction. New evidence does not include a recantation by a witness unless there is other evidence to support the recantation or unless the prosecuting attorney for the county in which the plaintiff was convicted or, if the department of attorney general prosecuted the case, the attorney general

---

[3] *People v Avery*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2002 (Docket No. 229324).

[4] *People v Avery*, 468 Mich 891; 661 NW2d 238 (2003).

agrees that the recantation constitutes new evidence without other evidence to support the recantation. [MCL 691.1752(b).]

In *Maples v State*, 507 Mich 461, 469-470; 968 NW2d 446 (2021), the Supreme Court clarified that the WICA definition of "new evidence" "turns not on when it was discovered, but on whether the evidence was presented in certain proceedings." Specifically, "the Legislature was concerned with whether the evidence was considered by the trier of fact when it convicted the WICA plaintiff," *id*. at 476, meaning, "[s]o long as the evidence was not presented at a proceeding where guilt was decided—that is, a trial or a hearing where a plea was entered—the WICA considers it 'new,' " *id*. at 477.

The statute and this caselaw clearly limit WICA compensation to those individuals who provide "new evidence" that the applicant was not a perpetrator, accessory, or accomplice to the crime. Here, at the WICA bench trial in the Court of Claims, plaintiff produced new evidence of two alibi witnesses who did not testify at his trial, as well as an expert witness. However, the Court of Claims based its decision to deny plaintiff WICA compensation on the basis of two witnesses presented by the state who testified at plaintiff's original trial. The state had already declined the opportunity to retry plaintiff after the writ of habeas corpus was issued. In essence, the state retried plaintiff at the WICA bench trial when the statute limits plaintiff to presenting "new evidence." This was improper and, in my opinion, not what a reading of the WICA statute allows. I do not believe that the statute allows the Court of Claims to hold a trial under these limitations, and should have instead held an evidentiary hearing limited to plaintiff's new evidence. The bench trial that did occur was grossly unfair to plaintiff, and violated his due process rights. See *People v Joly*, 336 Mich App 388, 399; 970 NW2d 426 (2021) ("Under our state and federal Constitutions, a person cannot be deprived of life, liberty, or property without due process of law."), citing Const 1963, art 1, § 17; US Const, Ams V and XIV, § 1. For these reasons, I would vacate the Court of Claims order of no cause of action and remand for further proceedings.

/s/ Kathleen Jansen