ALAMEDA GAGE CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 91229. Submitted January 21, 1987, at Lansing. Decided
April 22, 1987.

Alameda Gage Corporation, a wholly owned subsidiary of Del-
tronic Corporation, conducts its operations solely within the
State of Michigan, while Deltronic conducts its operations
entirely outside the State of Michigan. Alameda, standing
alone, qualifies for the small business credit under the Single
Business Tax Act. Alameda claimed that credit for tax years
1978 through 1981. The Michigan Department of Treasury
disallowed that credit. Alameda petitioned the Michigan Tax
Tribunal, claiming that, although the Single Business Tax
requires consolidation of the business activities of Alameda and
Deltronic for the purpose of determining the eligibility for the
small business tax credit, business activity in the act means
Michigan business activity and thus, since Deltronic has no
Michigan business activities, petitioner remains eligible for the
tax credit. The Michigan Department of Treasury claimed that
it could look at all business activity of Deltronic irrespective of
where it occurred and thus, when Deltronic's and petitioner's
business activities were consolidated, petitioner would not be
eligible for the small business tax credit. The Michigan Tax
Tribunal denied the petition, holding that the department's
interpretation was correct. Petitioner appealed.

The Court of Appeals *held:*

The Single Business Tax Act clearly provides that "business
activity," as used in the act, is limited to business activity in
the State of Michigan. Since Deltronic had no Michigan busi-
ness activities, the consolidated business activities of Alameda
and its parent company for the purpose of the small business
tax credit were the Michigan business activities of Alameda
alone. Accordingly Alameda was entitled to the small business
tax credit.

Reversed and remanded.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 254 *et seq.*
See the annotations in the Index to Annotations under Taxes.

Taxation — Single Business Tax — Business Activity — Small Business Credit.

The term business activity as used in the Single Business Tax Act refers to business activity within the State of Michigan; accordingly, in applying the statutory provision which requires the consolidation of business activities of the entities of an affiliated group in order to determine the eligibility for the small business credit, only the Michigan business activities of the entities of the affiliated group shall be used to determine eligibility for the small business credit (MCL 208.3[2], 208.36; MSA 7.558[3][2], 7.558[36]).

*Honigman, Miller, Schwartz & Cohn* (by *James H. Novis* and *Stuart H. Teger*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistant Attorneys General, for respondent.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

SAWYER, J. The sole issue in this case is whether petitioner is eligible for the small business tax credit provided by § 36 of the Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* Petitioner claimed the credit for tax years 1978 through 1981, inclusive, and respondent disallowed the credit. Petitioner sought review in the Michigan Tax Tribunal, which ruled in favor of respondent. Petitioner now appeals to this Court and we reverse.

The underlying facts are essentially undisputed, with the parties' differences being over the appropriate interpretation of the SBTA. Petitioner is a wholly owned subsidiary of Deltronic Corporation. Petitioner conducts its operations solely within the State of Michigan, while Deltronic conducts its

---

* Circuit judge, sitting on the Court of Appeals by assignment.

operations entirely outside the State of Michigan. There is no dispute that petitioner, standing alone, qualifies for the small business tax credit. The dispute is over the question of to what extent the business affairs of the parent corporation, Deltronic, must be combined with petitioner's business activity to determine petitioner's eligibility for the credit. It is conceded that, if Deltronic's entire commercial activity, wherever it occurs, must be consolidated with petitioner's activities, then petitioner is ineligible for the credit.

Section 31(1)[1] of the SBTA imposes a tax of 2.35 percent upon the adjusted tax base for business activity in Michigan. However, § 36(3)[2] provides a credit for small businesses which meet the requirements of § 36(2).[3] Section 36(2) provides in pertinent part as follows:

> The credit provided in this section shall be taken before any other credit under this act, and is available to any person whose gross receipts do not exceed $3,000,000.00 for tax years commencing before January 1, 1984 . . ., and whose adjusted business income does not exceed $300,000.00 for tax years commencing before January 1, 1984, . . . subject to the following:
>
> \* \* \*
>
> (b) A corporation other than a subchapter S corporation shall be disqualified if either of the following occur for the respective tax year:
>
> (i) Compensation and director's fees of a shareholder or officer exceed $60,000.00 for tax years commencing before January 1, 1984, . . .
>
> (ii) The sum of the following amounts exceeds $60,000.00 for tax years commencing before January 1, 1984, . . . :

---

[1] MCL 208.31(1); MSA 7.558(31)(1).

[2] MCL 208.36(3); MSA 7.558(36)(3).

[3] MCL 208.36(2); MSA 7.558(36)(2).

(A) Compensation and director's fees of a shareholder.

(B) The sum of business income and the adjustments provided in section 9(4)(a) and (b) times the percentage of outstanding stock owned by that shareholder.

The credit is further restricted by § 36(4),[4] which provides as follows:

(4) An affiliated group as defined in this act and a controlled group of corporations or an entity under common control as defined by the internal revenue code shall not be allowed to take the credit allowed by this section unless the business activities of the entities are consolidated.

The definition of a controlled group of corporations under the Internal Revenue Code is contained in 26 USC 1563. It is not in dispute that petitioner is a part of a group controlled by Deltronic and, therefore, comes within the provisions of § 36(4). Rather, the question is, when the business activities of Deltronic are consolidated with the business activities of Alameda does the result put the group over the limitations of § 36(2)? We answer this question in the negative.

Section 3(2) of SBTA[5] defines "business activity" as follows:

"Business activity" means a transfer of legal or equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in, or caused to be made or engaged in, *within this state*, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advantage, whether direct or indirect, to the taxpayer or to others, but

---

4 MCL 208.36(4); MSA 7.558(36)(4).

5 MCL 208.3(2); MSA 7.558(3)(2).

> shall not include the services rendered by an
> employee to his employer, services as a director of
> a corporation, or a casual transaction. Although
> an activity of a taxpayer may be incidental to
> another or other of his business activities, each
> activity shall be considered to be business engaged
> in within the meaning of this act. [Emphasis
> added.]

Petitioner interprets this section as meaning that "business activity" is activity occurring within the State of Michigan. We agree. Indeed, we can think of no meaning to ascribe to the words "within this state" as used in § 3(2) other than to mean that "business activity" includes only those activities occurring within the State of Michigan. To accept a definition of "business activity" to include activities occurring outside the State of Michigan is to render the clause "within this state" meaningless. To do so would violate the cardinal rule of statutory construction that every phrase, clause and word in a statute must be given effect. *In re Harris Estate,* 151 Mich App 780, 785-786; 391 NW2d 487 (1986).

Therefore, since "business activity" means activity within the state, § 36(4) requires the consolidation of the *Michigan* business activities of Alameda and Deltronic to determine Alameda's eligibility for the credit. However, it is agreed that Deltronic conducts no business within Michigan. Therefore, Deltronic has no business activity within the meaning of §§ 3(2) and 36(4). Accordingly, the business activity of the Deltronic-Alameda group is the same as the business activity of Alameda alone. And, as stated above, Alameda alone qualifies for the credit; therefore, it still qualifies for the credit even after the consolidation of the *business activities* of Alameda and Deltronic.

Moreover, we must express our puzzlement over the Tax Tribunal's erroneous decision and respondent's position in this appeal in light of the stipulations entered into by the parties while they were before the Tax Tribunal. The parties stipulated, inter alia, as follows:

> 6. That Deltronic Corporation is not required to file a Michigan Single Business Tax return since it does not have a business activity as defined in the Michigan Single Business Tax Act.

We are amazed that respondent could admit that Deltronic has no business activity within the meaning of the SBTA, yet continue to argue that it has a business activity to consolidate with Alameda's business activity under § 36(4). In effect, respondent is requesting us to adopt a meaning of "business activity" for § 36(4) which differs from the definition of the rest of the act. However, § 2(1) of the SBTA[6] provides the definitions set forth in the SBTA shall be uniform for the entire act. Thus, if, as respondent stipulated below, Deltronic has no business activity within the meaning of the SBTA, then it follows that it has no business activity within the meaning of § 36(4) of the SBTA.

Because of our resolution of this issue in favor of petitioner, we need not address petitioner's alternate arguments.

The decision of the Michigan Tax Tribunal is reversed. The matter is remanded to the tribunal for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to petitioner.

---

[6] MCL 208.2(1); MSA 7.558(2)(1).