ONE'S TRAVEL LTD v DEPARTMENT OF TREASURY
DATA TECH SERVICES, INC v DEPARTMENT OF TREASURY

Docket Nos. 287254 and 287255. Submitted November 9, 2009, at Lansing. Decided April 6, 2010, at 9:10 a.m.

Plaintiffs, ONE's Travel Ltd. and Data Tech Services, Inc., both for-profit Michigan corporations subject to taxation under the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, repealed effective December 31, 2007, and both subsidiaries of Credit Union ONE, a state chartered credit union created pursuant to the Credit Union Act, MCL 490.101 *et seq.*, and which is exempt from taxation under the SBTA, claimed small business tax credits under MCL 208.36 for certain tax years. The Department of Treasury denied the credits. ONE's Travel and Data Tech challenged the tax assessments made by the department in the Court of Claims, which consolidated the matters. Plaintiffs moved for summary disposition, arguing that because Credit Union ONE is not a taxpayer under the SBTA and is totally exempt from the single business tax, its tax exempt activities are totally unrelated to plaintiffs' taxable activities and cannot be consolidated with plaintiffs' gross receipts for purposes of determining plaintiffs' eligibility for the small business credit. The department moved for summary disposition arguing that it is irrelevant that Credit Union ONE is exempt from taxation under the SBTA and claiming that plaintiffs and Credit Union ONE formed an "affiliated group" as defined under the act and, therefore, plaintiffs were required to consolidate their business activities with those of Credit Union ONE for purposes of determining plaintiffs' eligibility for the small business credit. The Court of Claims, Joyce A. Draganchuk, J., denied plaintiffs' motion and granted summary disposition in favor of the department. ONE's Travel appealed (Docket No. 287254) and Data Tech appealed (Docket No. 287255). The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. Entities that are part of a corporate structure in which the parent is a state chartered credit union exempt from taxation under the SBTA must, for purposes of determining their eligibility for the small business tax credit, consolidate their gross receipts

with the business activities of other members of their affiliated group, including the parent credit union. Only when the consolidated number meets the threshold requirements of MCL 208.36(2) for the small business tax credit will the individual entities qualify for the credit.

2. If an entity is part of an affiliated group, a controlled group of corporations, or an entity under common control, it must aggregate the business activities of all the other entities of the group to determine eligibility for the small business tax credit.

3. A "United States corporation," for the limited purpose of determining whether an "affiliated group" exists under MCL 208.3(1), is an association, joint-stock company, or an insurance company that is created or organized in or under the laws of the United States or under the laws of a state. The same definition applies in determining whether an entity is required, under MCL 208.36(7), to consolidate its business activities with other entities in determining eligibility for the small business tax credit.

4. Credit Union ONE is a "United States corporation" within the meaning of § 3(1), because it is an association created or organized under Michigan law. Credit Union ONE and plaintiffs are an affiliated group, as defined in § 3(1), and as incorporated by § 36(7), thus plaintiffs were required to consolidate the business activity of Credit Union ONE with their gross receipts.

5. Section 36(7) requires a member of an affiliated group to consolidate its "business activities" with that of the other members in the group in order to take the credit allowed by § 36(2). Section 36(2) premises an entity's eligibility for the tax credit, in part, on whether its "gross receipts" exceed a certain amount for the tax year at issue. The two provisions require that the "business activities" of the group be consolidated with the "business activity" of the taxpayer entity claiming the credit, and that this consolidated number, or the gross receipts, not exceed the threshold amounts under § 36(2). Therefore, in these cases, it is only relevant whether a nontaxpayer entity that is part of an affiliated group, here Credit Union ONE, has "business activity" within the meaning of the SBTA. It is that business activity that must be consolidated with the business activity of plaintiffs.

6. The definition of "business activity" in MCL 208.3(2) does not require an entity to be a taxpayer in order to have business activity. "Business activity" is, under § 3(2), a transfer of property or the performance of services within this state with the object of gain, benefit, or advantage to the taxpayer or to others. The term "others" encompasses all those "others" than taxpayers. Credit Union ONE has business activity, for purposes of the SBTA,

because it transfers property and performs services within the state to the benefit of others. Although Credit Union ONE has no single business tax liability because it is tax exempt, it still may have business activity for purposes of determining whether its subsidiaries qualify for a tax credit under § 36(2) and § 36(7).

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX ACT — AFFILIATED GROUPS — SMALL BUSINESS TAX CREDIT.

Entities that are part of a corporate structure in which the parent is a state chartered credit union that is exempt from taxation under the Single Business Tax Act must, for purposes of determining their eligibility for the small business tax credit provided by MCL 208.36, consolidate their business activities with the business activities of other members of their affiliated group, including the parent credit union; only when the consolidated number meets the threshold requirements of § 36(2) will the individual entities qualify for the tax credit (MCL 208.1 *et seq.*, repealed effective December 31, 2007).

2. TAXATION — SINGLE BUSINESS TAX ACT — WORDS AND PHRASES — AFFILIATED GROUPS — UNITED STATES CORPORATIONS — ASSOCIATIONS.

An "affiliated group" for purposes of MCL 208.36(7) and MCL 208.3(1) of the Single Business Tax Act is two or more United States corporations, one of which owns or controls, directly or indirectly, 80 percent or more of the capital stock with voting rights of the other or others; a United States corporation, for such purposes, is an association, joint-stock company, or an insurance company created or organized in or under the law of the United States or under the laws of a state; an "association" is a gathering of people for a common purpose, the persons so joined, or an unincorporated organization that is not a legal entity separate from the persons who compose it (MCL 208.1 *et seq.*, repealed effective December 31, 2007).

3. TAXATION — SINGLE BUSINESS TAX ACT — AFFILIATED GROUPS — SMALL BUSINESS TAX CREDIT — WORDS AND PHRASES — BUSINESS ACTIVITY — OTHERS.

The Single Business Tax Act, in MCL 208.36(7), requires a member of an affiliated group to consolidate its business activities with the business activities of the other members of the group in order to determine its eligibility for the small business tax credit allowed by MCL 208.36(2); "business activity," for such purposes, is a transfer of property or the performance of services within the state with the object of gain, benefit, or advantage to the taxpayer or to

others; the term "others" encompasses all those "others" than taxpayers; the fact that a member of an affiliated group is exempt from taxation under the act does not mean that it does not have business activities (MCL 208.1 *et seq.*, repealed effective December 31, 2007).

*Varnum LLP* (by *Thomas J. Kenny* and *Marla Schwaller Carew*) for plaintiffs.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Bruce C. Johnson*, Assistant Attorney General, for defendant.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ.

PER CURIAM. In these tax disputes, we must decide whether plaintiffs are eligible for the small business tax credit provided by § 36, MCL 208.36, of the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, repealed effective December 31, 2007. The Court of Claims determined that plaintiffs are not eligible for the credit and granted summary disposition in defendant's favor. We agree and hold that entities part of a corporate structure in which the parent is a state chartered credit union exempt from taxation under the SBTA must, for purposes of determining their eligibility for the small business tax credit, consolidate their gross receipts with the business activities of other members in their "affiliated group," including the parent credit union. Accordingly, we affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs, Data Tech Services, Inc. (Data Tech), and ONE's Travel Ltd., are both for-profit Michigan corporations subject to taxation under the SBTA. Both plaintiffs are also subsidiaries of Credit Union ONE, a state

chartered credit union created pursuant to Michigan's Credit Union Act, MCL 490.101 *et seq.*, that is exempt from taxation under the SBTA.

In Docket No. 287255, Data Tech claimed the small business credit for tax years 2001 through 2004 in its SBT return. Data Tech did not consolidate its business activities with those of Credit Union ONE because it believed that no consolidation of business activity is required under § 36 since Credit Union ONE is exempt from state taxation. The department audited Data Tech's 2001 through 2004 tax returns and determined, however, that the SBTA required Data Tech to consolidate its business activity with Credit Union ONE and that such a consolidation rendered Data Tech ineligible for the small business credit. As a result, the department assessed a tax against Data Tech in the amount of $157,240. Data Tech paid the tax under protest and then challenged the assessment in the Michigan Tax Tribunal. See *Data Tech Services, Inc v Dep't of Treasury*, MTT Docket No. 323084.[1]

Before the matter could be resolved, however, the department audited Data Tech's 2005 SBT return and found that Data Tech had again erroneously claimed the small business credit. In its 2005 SBT return, Data Tech had carried forward a "loss adjustment" from its 2002 tax return as a result of not qualifying for the credit in 2002. It was Data Tech's position that its business loss in 2002 caused the amount distributed to its sole shareholder to fall below $115,000 and, thus, it was entitled to the small business credit in 2005. The department, however, determined that Data Tech could not use its 2002 business loss as a "loss adjustment"

___

[1] The parties' respective motions for summary disposition in that case are being held in abeyance pending the resolution of the issue in this Court.

because Data Tech never received the small business credit in 2002. Accordingly, the department assessed a tax against Data Tech in the amount of $29,115. Data Tech also paid that amount under protest and then challenged the assessment in the Court of Claims.

In Docket No. 287254, ONE's Travel claimed the small business credit for tax year 2005. Like Data Tech, ONE's Travel did not consolidate its business activities with those of Credit Union ONE because it believed that under § 36 no consolidation of business activity is required since Credit Union ONE is exempt from state taxation. The department audited ONE's Travel's 2005 SBT return and determined that ONE's Travel was not eligible for the credit because another member of the same "control group," Data Tech, did not qualify for the credit. Accordingly, the department assessed a tax against ONE's Travel in the amount of $6,194. ONE's Travel challenged the assessment by filing a complaint in the Court of Claims.

Because the same issue is involved in both cases, the parties stipulated that the matters would be consolidated in the Court of Claims and the issue would be decided on their motions for summary disposition. Plaintiffs jointly moved for summary disposition under MCR 2.116(C)(10), arguing that because Credit Union ONE is not a taxpayer under the SBTA and is totally exempt from the SBT, its tax exempt activities are "totally unrelated" to plaintiffs' taxable activities and cannot be consolidated with plaintiffs' gross receipts for purposes of determining plaintiffs' eligibility for the small business credit. The department countered that summary disposition should be granted in its favor. It argued that it is irrelevant that Credit Union ONE is exempt from taxation under the SBTA and that plaintiffs and Credit Union ONE formed an "affiliated

group" as defined under the act. The Court of Claims ruled in favor of the department, and plaintiffs subsequently filed their claims of appeal with this Court. This Court consolidated the appeals.

## II. STANDARDS OF REVIEW

The resolution of these appeals turns on whether plaintiffs are required to consolidate their gross receipts with the business activity of their parent, Credit Union ONE, a cooperative nonprofit entity, for purposes of qualifying for the small business tax credit pursuant to § 36(7) of the SBTA, MCL 208.36(7). Because the matter was decided on the parties' motions for summary disposition under MCR 2.116(C)(10), we review the Court of Claims decision de novo. *JW Hobbs Corp v Dep't of Treasury*, 268 Mich App 38, 43; 706 NW2d 460 (2005). Summary disposition under this subrule is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Further, we review questions of law, including the proper interpretation of a statute, de novo. *Ford Credit Int'l, Inc v Dep't of Treasury*, 270 Mich App 530, 534; 716 NW2d 593 (2006). The Court's main goal in interpreting the meaning of a statute is to discern and give effect to the Legislature's intent. *Kmart Mich Prop Servs, LLC v Dep't of Treasury*, 283 Mich App 647, 650; 770 NW2d 915 (2009). The first step in ascertaining the Legislature's intent is to examine the written language. *Id.* If the language is plain and unambiguous, judicial construction is neither necessary nor permitted, and the language must be applied as written. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). Statutory language is ambiguous "only if it 'irreconcilably conflict[s]' with another provision or

when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004) (citation omitted; emphasis in original). In conducting this review, we must read words and phases, not discretely, but rather within the context of the whole act. *Green v Ziegelman*, 282 Mich App 292, 301-302; 767 NW2d 660 (2009). "However, tax statutes that grant tax credits or exemptions are to be narrowly construed in favor of the taxing authority because such statutes reduce the amount of tax imposed." *Alliance Obstetrics & Gynecology, PLC v Dep't of Treasury*, 285 Mich App 284, 286; 776 NW2d 160 (2009).

### III. THE SBTA AND THE SMALL BUSINESS CREDIT

As this Court has noted, the SBTA, MCL 208.1 *et seq.*, repealed effective December 31, 2007, is a tax on the privilege of doing business in Michigan. *TMW Enterprises Inc v Dep't of Treasury*, 285 Mich App 167, 173; 775 NW2d 342 (2009); *Manske v Dep't of Treasury*, 265 Mich App 455, 459; 695 NW2d 92 (2005). Any person doing business in the state incurs a SBT liability. MCL 208.31. However, certain entities are exempt from taxation under the SBTA, including this state and other states, the federal government, and their political subdivisions and agencies as well as those persons exempt from federal income tax under the Internal Revenue Code. See MCL 208.35. There is no dispute in the present matter that plaintiffs are subject to taxation under the SBTA, whereas Credit Union ONE is exempt.

Entities that are not exempt under the SBTA, like plaintiffs, calculate their SBT liability by first determining their tax base, which is the taxpayer's total business income. *TMW Enterprises*, 285 Mich App at 173-174; *Jefferson Smurfit Corp v Dep't of Treasury*, 248 Mich App 271, 273; 639 NW2d 269 (2001). This

number is then apportioned to account for only the activity that took place in Michigan, MCL 208.40; MCL 208.41, and adjusted as necessary, to arrive at the taxpayer's adjusted tax base. MCL 208.31(2). A certain percentage rate, depending on the tax years at issue, is then applied against the taxpayer's adjusted tax base to compute the taxpayer's SBT liability. MCL 208.31(1).

The SBTA also includes a small business tax credit that reduces the single business tax liability of qualifying small businesses. MCL 208.36. The credit is a percentage reduction of the tax liability, computed by dividing the taxpayer's adjusted business income by a percentage of its tax base. Horner, *Michigan Single Business Tax, Small Business Credit*, 57 Mich B J 734, 736 (1978). To qualify, for the tax years relevant to these appeals, § 36(2) of the SBTA, MCL 208.36(2), requires that an entity's "gross receipts" not exceed $10,000,000 and its compensation to officers or shareholders not exceed $115,000 per year. MCL 208.36(2); MCL 208.36(2)(b)(*i*). That provision states, in relevant part:

> The credit provided in this section shall be taken before any other credit under this act, and is available to any person whose gross receipts do not exceed $6,000,000.00 for tax years commencing on or after January 1, 1984 and before January 1, 1989; $7,000,000.00 for tax years commencing in 1989; $7,250,000.00 for tax years commencing in 1990; $7,500,000.00 for tax years commencing in 1991; or $10,000,000.00 for tax years commencing after 1991, and whose adjusted business income minus the loss adjustment does not exceed $475,000.00 for tax years commencing on or after January 1, 1985, subject to the following:
>
> * * *
>
> (b) A corporation other than a subchapter S corporation is disqualified if either of the following occur for the respective tax year:

> (*i*) Compensation and director's fees of a shareholder or officer exceed $95,000.00 for tax years commencing on or after January 1, 1985 and before January 1, 1998 or exceed $115,000.00 for tax years commencing after December 31, 1997. [MCL 208.36(2).]

Section 36(7) specifies further eligibility requirements for entities that make up, or are a part of, larger business structures. It provides:

> An affiliated group *as defined in this act*, a controlled group of corporations as defined in section 1563 of the internal revenue code and further described in 26 C.F.R. 1.414(b)-1 and 1.414(c)-1 to 1.414(c)-5, or an entity under common control as defined by the internal revenue code shall not take the credit allowed by this section unless the business activities of the entities are consolidated. [MCL 208.36(7) (emphasis added).]

In other words, if an entity is part of (1) an affiliated group, (2) a controlled group of corporations, or (3) an entity under common control, it must aggregate the "business activities" of all the other entities in the group. Only if the consolidated number meets the threshold requirements of § 36(2) would the individual entities qualify for the credit, i.e., the taxpaying entity's gross receipts fall below the threshold amount despite the consolidation of business activities.

## IV. ANALYSIS

Here, there is no dispute that plaintiffs, standing alone, qualify for the small business tax credit; whereas, if their gross receipts are consolidated with Credit Union ONE's business activity, they do not so qualify. Rather, the disagreement lies in whether plaintiffs must consolidate their gross receipts with Credit Union ONE's business activity because they form (1) an affiliated group, (2) a controlled group of corporations, or (3)

an entity under common control. It is plaintiffs' position on appeal that Credit Union ONE and plaintiffs form neither an affiliated group nor a controlled group of corporations because Credit Union ONE is not a "corporation" within the meaning of § 36(7). We disagree with plaintiffs.

### A. AFFILIATED GROUP

As noted, § 36(7) states that an "affiliated group," for purposes of that subsection, is defined by the SBTA. And, § 3(1) of the SBTA, MCL 208.3(1), defines an "affiliated group" to mean

> 2 or more *United States corporations*, 1 of which owns or controls, directly or indirectly, 80% or more of the capital stock with voting rights of the other United States corporation or United States corporations. As used in this subsection, *"United States corporation" means a domestic corporation* as those terms are defined in section 7701(a)(3) and (4) of the internal revenue code. [Emphasis added.]

Contrary to plaintiffs' position on appeal, this subsection specifically adopts the definition of "domestic corporation" as defined in the Internal Revenue Code, to mean "United States corporation" for purposes of determining whether an "affiliated group" exists when considering eligibility for the small business credit under § 36(7). Section 7701(a)(3) and (4) of the Internal Revenue Code, as incorporated by § 3(1), provide:

> (3) Corporation. The term "corporation" includes associations, joint-stock companies, and insurance companies.

> (4) Domestic. The term "domestic" when applied to a corporation or partnership means created or organized in the United States or under the law of the United States or of any State unless, in the case of a partnership, the Secretary provides otherwise by regulations. [26 USC 7701(a)(3) and (4).]

Thus, the meaning of "United States corporation," limited to the purposes of determining whether an affiliated group exists under § 3(1), is an association, joint-stock company, or an insurance company that is created or organized in or under the laws of the United States or under the laws of a state. Because § 36(7) adopts the definition provided for by § 3(1), it obviously follows that the same definition applies in that subsection of the small business credit provision.

Given this definition, it is our view that Credit Union ONE is a "United States corporation" within the meaning of § 3(1). Namely, while Credit Union ONE is not a corporation in a strictly pure sense—it was not formed under the Michigan Business Corporation Act, MCL 450.1101 *et seq.*, and is not registered with the Corporations Division of the Michigan Department of Energy, Labor and Economic Growth—it is an "association" created or organized under Michigan law. Neither the SBTA nor the portions of the Internal Revenue Code cited by § 3(1) define the term "association." However, this Court gives undefined terms their plain and ordinary meaning and may rely on dictionary definitions to ascertain the Legislature's plain intent. *Alvan Motor Freight, Inc v Dep't of Treasury*, 281 Mich App 35, 40, 43; 761 NW2d 269 (2008). Black's Law Dictionary (8th ed) defines "association" as "[a] gathering of people for a common purpose; the persons so joined," and also as "[a]n unincorporated organization that is not a legal entity separate from the persons who compose it." Here, Credit Union ONE is plainly a gathering of people for a common purpose and it is also an "unincorporated organization," because the credit union is not incorporated under Michigan law. Further, as plaintiffs correctly note, Credit Union ONE is created or organized in or under the laws of this state. Credit Union ONE, as the parties agree, is a state chartered credit union

created under Michigan's Credit Union Act, MCL 490.101 *et seq.*, and is regulated by the Office of Financial and Insurance Regulation of the Michigan Department of Energy, Labor and Economic Growth. Accordingly, because Credit Union ONE is a "United States corporation," as that term is defined by § 3(1), and as incorporated by § 36(7), and because it "owns or controls, directly or indirectly, 80% or more of the capital stock with voting rights" of Data Tech and ONE's Travel, it is part of an "affiliated group," as that term is defined in § 3(1) of the SBTA.[2] Thus, we conclude that, under § 36(7), plaintiffs were required to consolidate the business activity of their parent, Credit Union ONE, with their gross receipts.

Plaintiffs, however, argue that Credit Union ONE cannot be an "association" because as a domestic credit union formed under the Credit Union Act, it is defined as "a cooperative, non-profit entity organized under this act for the purposes of encouraging thrift among its members . . . to use and control their own money on a democratic basis . . . ." However, given the plain and ordinary meaning of the term "association," we fail to see how a domestic credit union, like Credit Union ONE, is not also an association. The common and ordinary meaning of the term "association," as a gathering of persons for a common purpose, is so broad that it encompasses cooperative nonprofit entities. And, significantly, nothing in the definition of domestic credit union excludes it from fitting within the definition of an association. Accordingly, there is no merit to

---

[2] It is unclear from the record what percentage Credit Union ONE owns of each plaintiff. However, the parties raise no arguments related to how much Credit Union ONE owns and, thus, we assume that Credit Union ONE meets the additional requirements in the definition of "affiliated group" under § 3(1) and as incorporated by § 36(7).

plaintiffs' argument that Credit Union ONE cannot be an association simply because it is a domestic credit union.

Having concluded that Data Tech and ONE's Travel formed an "affiliated group" with Credit Union ONE, it is not necessary for us to reach the question whether these entities also formed either a "controlled group of corporations" or an "entity under common control . . . ." Because Data Tech and ONE's Travel each formed an affiliated group with Credit Union ONE, both were required to consolidate their business activities and gross receipts with Credit Union ONE's business activity in order to be eligible for the small business credit. See MCL 208.36(2); MCL 208.36(7). However, as the parties agree, once their receipts are consolidated with Credit Union ONE, they are no longer eligible for the small business credit pursuant to § 36(2) of the SBTA, MCL 208.36(2). Accordingly, the trial court did not err by determining that the department properly disallowed plaintiffs to claim the small business credit for the tax years in question.[3]

---

[3] The Court of Claims agreed with the department's determination that ONE's Travel had to consolidate its receipts with Credit Union ONE on the basis that another member of the "controlled group of corporations," Data Tech, had been denied the small business credit. We need not determine whether the court's analysis was correct or not, because the result ultimately reached was correct. As already stated, as part of an affiliated group, ONE's Travel was required to consolidate its gross receipts with Credit Union ONE's business activity. And, as plaintiffs concede, ONE's Travel would not be eligible for the small business credit if its gross receipts are to be consolidated with the business activity of Credit Union ONE. Further, it is also unnecessary for us to consider the department's decision disallowing Data Tech to carry forward to 2005 its "loss adjustment" from 2002, because none of the parties raise arguments on appeal relating to the department's decision. Rather, our decision regarding whether plaintiffs must consolidate their gross receipts with Credit Union ONE's business activity is dispositive on the issue whether Data Tech was entitled to the small business credit in 2005.

### B. "BUSINESS ACTIVITY"

Plaintiffs also argue that even if Credit Union ONE could be considered part of an affiliated group, its "business activity" cannot be consolidated with plaintiffs' gross receipts because, as a tax-exempt entity it is not a taxpayer under MCL 208.10 of the SBTA, and thus it has neither "business activity" nor "gross receipts." Again, we disagree.

As noted, § 36(7) of the SBTA, MCL 208.36(7), requires a member of an affiliated group to consolidate its "business activities" with that of the other members in the group in order to take the credit allowed by § 36(2). And, § 36(2) of the SBTA, MCL 208.36(2), premises an entity's eligibility for the tax credit, in part, on whether its "gross receipts" exceed $10,000,000 for the tax years at issue. Reading the two provisions together requires that the *business activities* of the group be consolidated with the business activity of the taxpayer entity claiming the credit, and that this consolidated number, or the *gross receipts*,[4] not exceed the threshold amounts under § 36(2). Thus, under the present circumstances, it is only relevant whether a non-taxpayer entity that is part of an affiliated group, here the credit union, has "business activity" within the meaning of the SBTA because it is that business activity that must be consolidated with the business activity of the entity claiming the credit. Section 36(7) makes no mention of members' gross receipts and plaintiff's argument as it relates to "gross receipts" is irrelevant. Thus, we address plaintiffs' argument only as it relates to "business activity."

---

[4] Section 7(3) of the SBTA, MCL 208.7(3), defines "gross receipts" as: "[T]he entire amount received by the taxpayer from any activity whether in intrastate, interstate, or foreign commerce carried on for direct or indirect gain, benefit, or advantage to the taxpayer or to others . . . ."

Section 3(2) of the SBTA, MCL 208.3(2), defines "business activity" as

> a transfer of legal or equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in ... within this state, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advantage, whether direct or indirect, to the taxpayer *or to others* .... [Emphasis added.]

Under the plain language of this definition, there is no mandate that requires an entity to be a taxpayer in order to have business activity. To the contrary, business activity is simply defined as "a transfer of ... property ... or the performance of services ... within this state ... with the object of gain, benefit, or advantage ... to the taxpayer or to others ...." Plaintiffs' understanding of this definition effectively omits, and renders nugatory, the phrase "or to others." It is incumbent upon us, however, to give meaning and effect to every word used in a statute and to avoid an interpretation that renders any portion of the statute nugatory. *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 50; 703 NW2d 822 (2005); *S Abraham & Sons, Inc v Dep't of Treasury*, 260 Mich App 1, 15; 677 NW2d 31 (2003). Thus, we cannot follow plaintiffs' lead and ignore the phrase "or to others." And, while the credit union is not a taxpayer, its activities clearly fall within the gambit of the phrase, "or to others," because the term "others," giving it its plain and ordinary meaning within the context of the statute, encompasses all those "others" than taxpayers. It follows that, by definition, the credit union has business activity, as that term is defined by the SBTA because it transfers property and performs services within the state to the benefit of others.

Moreover, simply because Credit Union ONE is exempt from taxation does not mean that it does not have business activities, as plaintiff contends. Clearly, the definition of business activity is not applied to Credit Union ONE for purposes of determining its liability under the SBTA—it has no liability. But, it does not logically follow that Credit Union ONE has no business activity or that the definition cannot be applied to the credit union for purposes of determining whether Credit Union ONE's subsidiaries are eligible for the small business tax credit. Nor does consolidating the credit union's business activity with plaintiffs' business activities result in an imposition of a SBT on Credit Union ONE. Rather, it is plaintiffs who are ultimately on the hook for small business taxes with or without the benefit of the small business tax credit; the credit union has no liability in this context.

Finally, plaintiffs analogize this case to the facts in *Alameda Gage Corp v Dep't of Treasury*, 159 Mich App 693; 407 NW2d 61 (1987), where the parent corporation had no SBT liability and its subsidiary would qualify for the small business tax credit if its gross receipts were considered alone. The Court held that when the subsidiary's gross receipts were consolidated with its parent corporation's business activities, the subsidiary qualified for the credit because the parent corporation, by definition, had no business activity. *Id*. at 697. A superficial reading of *Alameda Gage Corp* suggests that this Court should be compelled to reach the same outcome. However, the facts of *Alameda Gage Corp* are clearly distinguishable from the present matter because the parent corporation in *Alameda Gage Corp* had no SBT liability since it had no instate activities whatsoever; all of its business activity occurred out of state. By definition, business activity includes only those activities that occurred in state. Here, Credit Union ONE has no SBT

liability because it is tax exempt as a credit union, not because it has no instate business activity. Rather, all of Credit Union ONE's business activities occur in state. And, as we have already explained, although Credit Union ONE has no SBT liability because it is tax exempt, this does not mean that it cannot have business activity for purposes of determining whether its subsidiaries qualify for a tax credit under § 36(7) and § 36(2). There simply is no such limitation in the plain language that defines "business activity."

### C. REVENUE ADMINISTRATIVE BULLETIN 1989-49

Lastly, plaintiffs contend that the department's decision to consolidate plaintiffs' gross receipts with the business activity of its parent was contrary to the department's own published guidance. This argument is unavailing. Revenue Administrative Bulletin (RAB) 1989-49 provides guidelines regarding the circumstances under which a group of corporate taxpayers must file a consolidated SBT return under § 77 of the SBTA, MCL 208.77.[5] It has absolutely no relevance, and is inapplicable, to the circumstances under which an

---

[5] Section 77 provides, in part:

(1) The commissioner may require or permit the filing of a consolidated or combined return by an affiliated group of United States corporations if all of the following conditions exist:

(a) All members of the affiliated group are Michigan taxpayers.

(b) Each member of the affiliated group maintains a relationship with 1 or more members of the group which includes intercorporate transactions of a substantial nature . . . .

(c) The business activities of each member of the affiliated group are subject to apportionment by a specific apportionment formula contained in this act which specific formula also is applicable to all other members of the affiliated group . . . . [MCL 208.77.]

entity claiming the small business credit must consolidate business activities because of its business structure. In fact, RAB 1989-49 makes no mention whatsoever of the allowance of the small business credit generally, or of § 36(7) specifically. Moreover, even if RAB 1989-49 were on point, we are not required to follow the department's published guidelines, because such interpretive statements do not carry the force of law and are not otherwise binding on this Court. *Kmart Mich Prop Servs, LLC*, 283 Mich App at 654.

Affirmed.