WILDER, J.
Respondent appeals as of right from the Michigan Tax Tribunal’s (MTT) opinion and judgment, which invalidated the levy of a special assessment for police protection. We reverse.
*584 i
The facts in this case are undisputed. On November 2, 2010, the voters in Williamstown Township approved a proposal to allow for the creation of a “special assessment district under 1951 PA 33, as amended, in order to raise money by special assessment for furnishing police protection.”
On November 16, 2010, the Williamstown Township Board of Trustees held a special meeting regarding the establishment of a special assessment district and roll. After hearing comments from the public, the board adopted Resolution 2010-96, which provided that the special assessment on residential property would be $150, the special assessment on commercial property would be $250, and the special assessment on vacant property would be $0.
Thereafter, petitioner received a tax bill requiring payment of $150 on his residential property and $250 on his commercial property. Petitioner appealed to the Small Claims Division of the MTT, arguing in part that any such special assessment must be imposed on the basis of each property’s taxable value and not a uniform fee. The hearing referee disagreed and issued a proposed opinion and judgment in respondent’s favor.
Petitioner filed exceptions to the referee’s proposed opinion and judgment, claiming that MCL 41.801(4) only allowed special assessments for police protection to be assessed on the basis of the property’s taxable value. On April 5, 2012, the MTT concluded that the hearing referee erred because he had ignored the plain language of the statute. The MTT stated:
The statute at issue clearly states that the special assessment shall be levied on the taxable value of the parcels being assessed. As such, it was error for the special *585 assessment board to approve an assessment based on a flat-fee per parcel based on classification. The Tribunal finds that the special assessment in the present case should be calculated based on the taxable value of Petitioner’s parcel, as required by the applicable statute.
II
This Court has limited review of the MTT’s decisions. Kmart Mich Prop Servs, LLC v Dep’t of Treasury, 283 Mich App 647, 650; 770 NW2d 915 (2009). If the facts are undisputed and there is no allegation of fraud, review is limited to whether the tribunal made an error of law or adopted a wrong principle. Id.
However, the resolution of the MTT’s decision involves issues of statutory interpretation and application, which we review de novo. Id. “A court’s primary purpose in interpreting a statute is to ascertain and effectuate legislative intent.” Mich Ed Ass’n v Secretary of State (On Rehearing), 489 Mich 194, 217; 801 NW2d 35 (2011). “Courts may not speculate regarding legislative intent beyond the words expressed in a statute. Hence nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself.” Id. at 217-218 (quotation marks and citation omitted). “When a legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case.” Niles Twp v Berrien Co Bd of Comm’rs, 261 Mich App 308, 313; 683 NW2d 148 (2004) (quotation marks, citation, and emphasis omitted). In other words, “this Court may engage in judicial construction only if it determines that statutory language is ambiguous.” Id. (quotation marks and citation omitted).
*586 m
At issue is whether MCL 41.801, which indisputably permits a township to assess an ad valorem (according to value) special assessment, also permits a township to assess and implement a uniform-fee special assessment. We conclude that it does.
Special assessments are presumed valid. Kadzban v City of Grandville, 442 Mich 495, 502; 502 NW2d 299 (1993). Although they may resemble a tax, they are not a tax. Id. at 500. Rather, a special assessment is a “specific levy designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area.” Id. “[A] special assessment will be declared invalid only when the party challenging the assessment demonstrates that ‘there is a substantial or unreasonable disproportionality between the amount assessed and the value which accrues to the land as a result of the improvements.’ ” Id. at 502, quoting Dixon Rd Group v City of Novi, 426 Mich 390, 403; 395 NW2d 211 (1986). If there is not a proportionate relationship, then the special assessment would be “akin to the taking of property without due process of law.” Dixon Rd Group, 426 Mich at 403. Therefore, to be validly imposed, the special assessment must benefit the assessed properties in proportion to the benefit received.
Turning to the statutory language at issue, MCL 41.801(2) and (3) provide, in pertinent part:
(2) The township board . .. may provide annually by resolution for the appropriation of general or contingent funds for maintenance and operation of police and fire departments.
(3) The township board . .. may provide that the sums prescribed in subsection (2) for purchasing and housing equipment, for the operation of the equipment, or both, *587 may be defrayed by special assessment on the lands and premises in the township ... to be benefited ....
Thus, it is clear that, to the extent the funds are used “for purchasing and housing equipment, for the operation of the equipment, or both,” the township board can defray those costs by way of a special assessment on the properties “to be benefited.”
MCL 41.801(4) in part states:
If a special assessment district is proposed under subsection (3), the township board ... shall estimate the cost and expenses of the police and fire motor vehicles, apparatus, equipment, and housing and police and fire protection, and fix a day for a hearing on the estimate and on the question of creating a special assessment district and defraying the expenses of the special assessment district by special assessment on the property to be especially benefited ....
For assessments taking place before January 1, 1999, MCL 41.801(4) further provides as follows:
Before January 1, 1999, if the township board, or township boards acting jointly, determine to create a special assessment district, they shall determine the boundaries by resolution, determine the amount of the special assessment levy, and direct the supervisor or supervisors to spread the assessment levy on all of the lands and premises in the district that are to be especially benefited by the police and fire protection, according to benefits received ... to defray the expenses of police and fire protection.
But for assessments occurring after December 31,1998, MCL 41.801(4) also provides:
After December 31, 1998, if the township board, or township boards acting jointly, determine to create a special assessment district, they shall determine the boundaries by resolution, determine the amount of the special assessment levy, and direct the supervisor or supervisors to *588 spread the assessment levy on the taxable value of all of the lands and premises in the district that are to be especially benefited by the police and fire protection, according to benefits received ... to defray the expenses of police and fire protection. [Emphasis added.]
The salient portion of this provision requires the township supervisor “to spread the assessment levy on the taxable value of all of the lands and premises in the district that are to be especially benefited by the police and fire protection, according to benefits received ... (MCL 41.108[4], emphasis added.) As a result of the statute’s plain language requiring that any assessments be made “according to the benefits received,” if a township determines that the properties in the district will all benefit equally, then those properties will need to be assessed equal amounts as a matter of law.
Petitioner contends that because the assessments must be levied “on the taxable value of all the lands,” any such assessments must be ad valorem and not uniform. However, as the amicus brief from the Michigan Townships Association notes, spreading the assessment levied on taxable value is not the same as basing the assessment on taxable value. The plain language of the statute only requires the assessment to be “spread” on the taxable value of the lands. It does not require that the calculation of the assessment be on basis of the taxable value of the lands. These are two distinct concepts. In short, any assessment that is determined for a particular parcel of land on the basis of the benefits received (whether it be ad valorem or uniform fee), must ultimately be conveyed as a corresponding millage rate to be applied to a the property’s taxable value. For example, if the township assesses a uniform fee of $150, then each property will be assessed on a particular, individual millage rate on the basis of that property’s taxable value that will result in the $150 being collected.
*589 We further note that the legislative history surrounding this statute further supports our view. Before 1994, property was assessed at its true cash value. But in 1994, Proposal A, which introduced the term “taxable value,” see Const 1963, art 9 § 3, was passed by the voters of Michigan. Proposal A limited the amount that a property’s taxable value could increase each year, even if the property’s true cash value rose at a greater rate. Mich Props, LLC v Meridian Twp, 491 Mich 518, 528-529; 817 NW2d 548 (2012). In 1996, the attorney general issued an opinion on “whether a millage-based special assessment imposed under 1951 PA 33, MCL 41.801 et seq., . . . must be levied on the true cash value or upon the taxable value of the affected property.” OAG, 1995-1996, No. 6896, p 153 (April 24, 1996). The attorney general opined that, because special assessments are not taxes, Proposal A did not apply and such special assessments should be levied on the property’s true cash value instead of its taxable value. Id. at 154-156, citing St Joseph Twp v Municipal Fin Comm, 351 Mich 524, 533; 88 NW2d 543 (1958). In response, the Legislature in 1998 amended 1951 PA 33 by adding references to “taxable value,” making it clear that “true cash value” was no longer to be used for special assessments. MCL 41.801 et seq., as amended by 1998 PA 545. Thus, when viewing the legislative history, it is clear that the references to “taxable value” in MCL 41.801(4) were not intended to indicate that all special assessments must be on an ad valorem basis.
Reversed. No costs are taxable pursuant to MCR 7.219, a public question being involved.
HOEKSTBA, PJ., and TALBOT, J., concurred with Wilder, J.