# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEVONTE JAQUEZ WARREN,

Defendant-Appellant.

UNPUBLISHED
September 10, 2015

No. 322455
Kent Circuit Court
LC No. 13-006857-FC

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Following a jury trial, defendant Devonte Jaquez Warren was convicted of first-degree premeditated murder, MCL 750.316; conspiracy to commit first-degree premeditated murder, MCL 750.316 and 750.157a; and possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced as a second-offense habitual offender, MCL 769.10, to life in prison without parole for first-degree premeditated murder and conspiracy to commit first-degree premeditated murder, and to two years' imprisonment for possession of a firearm during the commission of a felony. Defendant appeals by right. We vacate his sentences for first-degree murder and conspiracy to commit first-degree murder and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant shot and killed the victim, Gregory Woods, at his home in Grand Rapids. The prosecution introduced evidence at trial that the shooting was gang-related and was committed in retaliation for the killing of a member of defendant's gang two years earlier. The victim's mother testified that someone knocked on her door during dinner. When the victim opened the door and stepped outside, he was shot and later died at the hospital. A witness, Ali Gray, testified that on the day of the shooting he had met defendant at a candlelight vigil for a gang member who had been shot two years before. He testified that defendant told him to "watch the news," that he understood this to mean defendant was going to shoot someone, that defendant left the vigil with another gang member, and that they were both armed with handguns. Gray further testified that the next day defendant told him that he had knocked on Woods's door and shot him. Facebook messages between defendant and Gray indicating defendant's plan to shoot someone were read into the record at trial. Defendant was 17 years old at the time of the offense.

After defendant was found guilty of first-degree premeditated murder, conspiracy to commit first degree premeditated murder, and felony-firearm, the prosecution filed a motion under MCL 769.25 to sentence defendant to life in prison without the possibility of parole. As

required by MCL 769.25, the trial court conducted a hearing on the motion as part of the sentencing process. After presenting testimony from defendant's juvenile probation agent, the prosecution argued that several of the factors outlined in *Miller v Alabama*, 576 US __; 132 S Ct 2455; 183 L Ed 2d 407 (2012), favored sentencing defendant to life imprisonment without the possibility of parole, including defendant's extensive past criminal history and the failure of repeated efforts at rehabilitation. Defense counsel argued that defendant's youth, lack of role models, and lack of supervision and guidance weighed against that sentence.

After hearing arguments from both parties, the trial court stated the requirements of MCL 769.25 on the record and noted that the statute directs the trial court to consider the factors in *Miller*, 132 S Ct 2455. The trial court found that defendant was on the high end of the juvenile status, and that there was a significant difference between a 17-year-old and a 14-year-old. Next, the trial court acknowledged issues with defendant's mother and father, which created a lack of structure for defendant. The trial court stated that defendant's lack of positive male guidance was a factor weighing against sentencing him to life imprisonment without parole. Addressing defendant's mental and emotional development, the court referred to the probation agent's testimony and stated that it was "something of a mixed bag." The trial court next stated that the factors of the circumstances of the crimes and moral culpability weighed heavily in favor of life imprisonment without parole. It noted that this was a planned murder "in connection with the anniversary of another gang related event." The trial court further stated that defendant's communications show that this was not an "impulsive or spur of the moment crime." Addressing defendant's criminal history, the trial court noted defendant's participation in a brutal gang rape of a 15 year-old girl in 2010, which occurred in front of the victim's friends, as well as other criminal acts that defendant had committed as a juvenile, including his involvement in violent offenses involving firearms. The trial court found that defendant's criminal history compared unfavorably to the defendants in *Miller*. Next, the trial court addressed defendant's chances for rehabilitation and found them to be low. The trial court ultimately concluded that a sentence of life without the possibility of parole was appropriate. This appeal followed, limited to the issue of whether defendant should have received a life sentence with the possibility of parole.

## II. APPLICATION OF *PEOPLE V SKINNER*

Defendant argues on appeal that the trial court abused its discretion by imposing a life sentence without the possibility of parole when he was less than 18 years old at the time of the offense. While it had not been decided at the time of the appellate briefing in this matter, we hold that this Court's recent decision in *People v Skinner*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317892) (2015), requires that we vacate defendant's life without parole sentences and remand for resentencing.

In *Skinner*, a majority of a divided panel of this Court stated:

To summarize, the default sentence for a juvenile convicted of first-degree murder under MCL 750.316 is a term-of-years prison sentence. MCL 769.25 authorizes a trial court to enhance that sentence to life without parole based on factual findings that were not made by a jury but rather were found by a judge. In this respect, the statute offends the Sixth Amendment as articulated in *Apprendi* and its progeny. In order to enhance a juvenile's default sentence to life without parole, absent a waiver, a jury must make findings on the Miller factors as codified at

MCL 769.25(6) to determine whether the juvenile's crime reflects "irreparable corruption" beyond a reasonable doubt. Accordingly, because defendant's sentence for first-degree murder was imposed in a manner that violated the Sixth Amendment, she is entitled to resentencing on that offense. [*Id.*, slip op at 22.]

The *Skinner* majority also found that subsections (6) and (7) of MCL 769.25 were severable from the remainder of the statute. *Id.*, slip op at 23. Therefore, on remand, the trial court should follow the following procedure:

[F]ollowing a conviction of first-degree murder and a motion by the prosecuting attorney for a life without parole sentence, absent defendant's waiver, the court should impanel a jury and hold a sentencing hearing where the prosecution is tasked with proving that the factors in Miller support that the juvenile's offense reflects "irreparable corruption" beyond a reasonable doubt. During this hearing, both sides must be afforded the opportunity to present relevant evidence and each victim must be afforded the opportunity to offer testimony in accord with MCL 769.25(8). Following the close of proofs, the trial court should instruct the jury that it must consider, whether in light of the factors set forth in Miller and any other relevant evidence, the defendant's offense reflects irreparable corruption beyond a reasonable doubt sufficient to impose a sentence of life without parole. Alternatively, if the jury decides this question in the negative, then the court should use its discretion to sentence the juvenile to a term-of-years in accord with MCL 769.25(9).

*Skinner* is binding on this Court. MCR 7.215(C)(2). And "changes to a criminal law are generally given retrospective application to cases pending on appeal as of the date of the filing of the opinion containing the new rule." *People v Carruthers*, 301 Mich App 590, 615; 837 NW2d 16 (2013). We therefore conclude that *Skinner* requires us to vacate defendant's sentences and remand for proceedings as described above and consistent with *Skinner* and the remaining portions of MCL 769.25.

Vacated and remanded for further proceedings consistent with *Skinner*. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey