# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALENNA MARIE ROCAFORT,

        Defendant-Appellant.

UNPUBLISHED
January 7, 2016

No. 321804
Kent Circuit Court
LC No. 13-000391-FH

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

STEPHENS, J. (*dissenting*)

I respectfully dissent, because I disagree with the majority's conclusion of what may be considered "usable marihuana" under the MMMA. As relevant to this case, MCL 333.26423(k) clearly defines usable marihuana to include only that marihuana which is dried. I would conclude that the marihuana that was in the "drying process" or that which was "pretty dry" or "dry enough" or "largely dried" did not constitute usable marihuana within the meaning of the statute and was therefore, insufficient evidence upon which to convict defendant.

As explained by this Court in *People v Carruthers*, 301 Mich App 590, there is a difference between what the Legislature has termed "marihuana" and "usable marihuana." For the MMMA, the Legislature adopted the meaning of "marihuana" as defined in the public health code at MCL 333.7106:

> "Marihuana" means all parts of the plant Canabis [sic] sativa L., growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination. [*Id*. at 598-599 citing MCL 333.7106(3)].

By contrast, the Legislature constructed the term "usable marihuana" to include "the dried leaves and flowers of the marihuana plant, and any mixture or preparation thereof, but [to] not include the seeds, stalks, and roots of the plant." MCL 333.26423(k). "[A]s a term of art, it is designed to identify a subset of marijuana that may be possessed in allowed quantities for purposes of an

-1-

immunity analysis under § 4 of the MMMA." *Id*. at 605. Notably, usable marihuana does not include "all parts of the plant. . . . growing or not" or "every. . . . preparation of the plant or its seeds or resin." "Provisions not included in a statute should not be included by the courts." *Id*. at 604. In *Carruthers*, we purposefully emphasized "usable marihuana" to mean *only* "the dried leaves and flowers of the marihuana plant, and any mixture or preparation thereof[.]" *Id*. 604 (emphasis added).

The evidence did not establish that the 5.6 pounds of harvested marihuana seized from defendant's home in canisters was "the dried leaves and flowers of the marihuana plant" but only that the marihuana was in the process of drying. Testimony differed as to the amount of days required for the marihuana to be dried, without any witness's testimony being definitive on this critical issue. I acknowledge the difficulty in determining "dried marihuana" when even so-called completely dried marihuana contains 10 percent moisture, but I would also call upon the Legislature for clarification. Our working definition for the moment is that only "the dried leaves and flowers of the marihuana plant, and any mixture or preparation thereof" may constitute usable marihuana. MCL 333.26423(k).

Therefore, I would conclude that the trial court erred in finding that the seized marijuana was dried, and thus usable, for purposes of defendant's motion to dismiss under § 4.

/s/ Cynthia Diane Stephens