# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MIKE TORRES ZUNIGA,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324157
Kent Circuit Court
LC No. 10-002810-FC

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

On September 9, 2010, a jury convicted defendant of first-degree murder and the trial court sentenced him to life without parole. Defendant committed the offense when he was a juvenile. On December 13, 2011, this Court affirmed defendant's conviction.[1] Thereafter, the United States Supreme Court decided *Miller v Alabama*, 567 US ___;132 S Ct 2455; 183 L Ed 2d 407 (2012), wherein the Court held that mandatory life sentences without the possibility of parole for juvenile offenders violated the Eighth Amendment. To conform Michigan's sentencing scheme to the mandates of *Miller*, the Legislature enacted MCL 769.25, which created a default term-of-years' sentence for juvenile first-degree homicide offenders. The default term-of-years' sentence can be elevated to life without parole upon the prosecution's filing a motion and following factual findings on the *Miller* factors as codified at MCL 769.25(6).

In this case, following the enactment of MCL 769.25, the prosecution moved for a life without parole sentence. After an evidentiary hearing, the trial court made findings of fact on the *Miller* factors and resentenced defendant to life without the possibility of parole. In doing so, the trial court elevated what would have been a default term-of-years' sentence to life without parole. Defendant appeals that sentence as of right. Because the trial court increased defendant's default sentence based on judicially-found facts in violation of the Sixth Amendment, we vacate defendant's sentence and remand for further proceedings consistent with

---

[1] *People v Zuniga*, unpublished opinion per curiam of the Court of Appeals, issued December 13, 2011 (Docket No. 301473).

-1-

*People v Skinner*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 317892, issued August 20, 2015).

On appeal, defendant argues that the trial court violated his Sixth Amendment rights when it denied his request to have a jury make the findings required by *Miller* and MCL 769.25(6). In *Skinner*, this Court recently addressed an identical argument and held that "[i]n order to enhance a juvenile's default sentence to life without parole, absent a waiver, a jury must make findings on the *Miller* factors as codified at MCL 769.25(6) to determine whether the juvenile's crime reflects 'irreparable corruption' beyond a reasonable doubt." *Skinner*, ___Mich App at ___; slip op at 22 (footnote omitted).

With respect to MCL 769.25, *Skinner* held that portions of the statute were unconstitutional, but "apart from subsection (6)'s provision directing the trial court to consider the *Miller* factors, and from subsection (7)'s provision directing the court to articulate aggravating and mitigating circumstances on the record, MCL 769.25 remains operable in the event that the" jury makes factual findings on the *Miller* factors beyond a reasonable doubt. *Skinner*, ___Mich App at ___; slip op at 23. The *Skinner* majority then explained the new procedures under MCL 769.25 as follows:

> [F]ollowing a conviction of first-degree murder and a motion by the prosecuting attorney for a life without parole sentence, absent defendant's waiver, the court should impanel a jury and hold a sentencing hearing where the prosecution is tasked with proving that the factors in *Miller* support that the juvenile's offense reflects "irreparable corruption" beyond a reasonable doubt. During this hearing, both sides must be afforded the opportunity to present relevant evidence and each victim must be afforded the opportunity to offer testimony in accord with MCL 769.25(8). Following the close of proofs, the trial court should instruct the jury that it must consider, whether in light of the factors set forth in *Miller* and any other relevant evidence, the defendant's offense reflects irreparable corruption beyond a reasonable doubt sufficient to impose a sentence of life without parole. Alternatively, if the jury decides this question in the negative, then the court should use its discretion to sentence the juvenile to a term-of-years in accord with MCL 769.25(9). [*Id*.]

The state concedes that *Skinner* is binding in this case.[2] See MCR 7.215(C). Accordingly, we vacate defendant's sentence and remand for further proceedings consistent with

---

[2] With respect to the retroactive effect of *Skinner*, the United States Supreme Court recently held that *Miller* applies retroactively to juveniles sentenced to life without parole, effectively overruling *People v Carp*, 496 Mich 440, 852 NW2d 801 (2014). See *Montgomery v Louisiana*, ___ US ___; ___S Ct ___; ___ L Ed 2d ___ (2016) (No. 14-280). Accordingly, because *Skinner* concerns application of the mandates of *Miller*, it applies retroactively to juveniles serving life without parole sentences. Moreover, this appeal was pending at the time *Skinner* was decided on August 20, 2015. See *People v Carruthers*, 301 Mich App 590, 615; 837 NW2d 16 (2013).

the procedures set forth in *Skinner*. Given our resolution of this issue, we decline to address defendant's argument relating to the trial court's application of the *Miller* factors.

We vacate defendant's sentence and remand for further proceedings consistent with *Skinner*. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello